Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorney for Plaintiff: JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FENG XIN INVESTMENT, LLC, a California limited liability company; EVERGREEN CAPITAL ASSETS, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No**. 5:19-cv-1565-GW-SHK<br><br>**Second Amended Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* **as amended by the ADA Amendments Act of 2008 (P.L. 110-325).** |

Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendant FENG XIN INVESTMENT, LLC, a California limited liability company; EVERGREEN CAPITAL ASSETS, LLC, a Delaware limited liability company; and Does 1-10 ("Defendant") and alleges as follows:

////

# PARTIES:

1.  A Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

2.  Plaintiff is informed and believes and thereon alleges that Defendant FENG XIN INVESTMENT, LLC, owned the property located at 1555 East Amar Road, West Covina, CA 91792 ("Property") on or around November 3, 2018 and that Defendant EVERGREEN CAPITAL ASSETS, LLC, owned the Property on or around February 5, 2020.

3.  Plaintiff is informed and believes and thereon alleges that Defendant EVERGREEN CAPITAL ASSETS, LLC owns the Property currently.

4.  Plaintiff does not know the true name of Defendant, its business capacity, its ownership connection to the Subject Property serving Tony's BBQ ("Business"), or its relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

////

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

6. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 et seq., ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff went to the Business on or about November 3, 2018 and February 5, 2020 for the dual purpose of purpose of visit and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.

9. The Business is a facility open to the public, a place of public accommodation, and a business establishment.

10. Parking spaces are one of the facilities, privileges and advantages reserved by Defendant to persons at the property serving the Business.

11. Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on November 3, 2018 and February 5, 2020.

12. At each time, instead of having architectural barrier free facilities for patrons with disabilities, Defendant has: there is no ADASAD compliant accessible or van accessible parking signage in violation of Section 502.6; there is no

1 ADASAD compliant accessible parking or van accessible parking spaces with access aisles in the parking lot as required by Section 5002; the curb ramp providing access to the main entrance projects into the parking space access aisles in violation of Section 406.5 (curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles); the slope of the curb ramp flares at the curb ramp connecting the accessible parking space access aisle to the accessible route exceeds 10% in violation of Section 406.3 which requires that the slope does not exceed 10% (parking spaces and access aisles serving them shall comply with 302; and access aisles shall be at the same level as the parking spaces they serve, and changes in level are not permitted); and, there is no accessible route connecting the parking to the main entrance as required by Section 206.2.2 due to the outdoor dining area which impedes the accessible route.

13. Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

14. Plaintiff is informed and believes and thereon alleges Defendant had no policy or plan in place to make sure that there was compliant accessible parking reserved for persons with disabilities prior to November 3, 2018 and February 5, 2020.

15. Plaintiff is informed and believes and thereon alleges Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

16. Plaintiff personally encountered these barriers.  The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legal cognizable interests created under the ADA.

17. The conditions identified *supra* in paragraph 12 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, and relate to the distance of the accessible path to the accessible entrance.

18. As an individual with a mobility disability who at times relies upon a wheelchair or other mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

19. Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

20. Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility. Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust, 867 F.3d 1093, 1096 (9th Cir. 2017).

21. As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property.

22. The Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of

Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

24. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disability. Plaintiff will amend the Second Amended Complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, the Defendant is on notice that the Plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

25. Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of Plaintiff's rights under the ADA.

## **FIRST CAUSE OF ACTION**
## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325)**

26. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Second Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

27. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

   c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

28. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

29. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

30. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

31. Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.*

32. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Second Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

33. California Civil Code § 51 et seq. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 et seq.

34. Because Defendant violates Plaintiff's rights under the ADA, Defendant also violated the UCRA and are liable for damages. (Civ. Code § 51(f), 52(a).) These violations are ongoing.

35. Plaintiff is informed and believes and thereon alleges that Defendant's actions constitute discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 et seq., because Defendant has been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff. Despite this knowledge, Defendant maintains its premises in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

## PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1. A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 et seq. as amended by the ADA Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 et seq. with

respect to its operation of the Business and Property; Note: Plaintiff is not invoking section 55, *et seq,* of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act (Cal. C.C. §54) at all.

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to Johnson v. Guedoir, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4. For reasonable attorney's fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code §52;

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Second Amended Complaint.

Dated: May 8, 2020                    **MANNING LAW, APC**

                                                         By: /s/ Joseph R. Manning Jr., Esq.
                                                         Joseph R. Manning Jr., Esq.
                                                         Attorney for Plaintiff